STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Forrest appeal and variance application | } | Docket No. 9-1-07 Vtec |
| (Appeal of Forrest) | } | |
|  | } | |

Decision and Order on Cross-Motions for Summary Judgment

Appellant-Applicants Elizabeth and Raymond Forrest appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Plymouth denying their application for a variance, including the denial of their argument that they are entitled to expand the existing building under §4.10.1 of the Zoning Bylaw. Appellants are represented by Peter M. Nowlan, Esq.; the Town of Plymouth is represented by Steven F. Stitzel, Esq. The parties have each moved for summary judgment. The following facts are undisputed unless otherwise noted.

Appellant-Applicants own property at 446 Route 100, with frontage on the east side of Route 100 in the Town of Plymouth. Appellant-Applicants' property is bounded on its southerly, easterly, and northerly sides by the waters of Echo Lake. The property is improved by a single-family dwelling constructed prior to the enactment of zoning in Plymouth. The northwest corner of the existing house is set back 92' 10½" from the centerline of Route 100. The southeast corner of the existing house (not including the existing deck) is set back 23 feet from the high water mark of Echo Lake. The plan provided to the Court with the motion does not show the full northerly or southerly extent of the property, nor have parties provided information about the setbacks of the existing house to the lake on the northerly or southerly sides of the property.

The parties agree that it is the 2005 Zoning Ordinance and not the 2007 Zoning

1

Ordinance that applies to the present application,[1] therefore Question 10 of the Statement of Questions is no longer at issue in this case.

Shorelands zoning district - Questions 1, 2 and 3 of the Statement of Questions

The 2005 Zoning Ordinance specifies two zoning districts named as "overlay" zoning districts (the Flood Hazard Protection district and the Coolidge Homestead Historic Area). §2.4.  It lists the "Village & Hamlet" zoning district, three "Rural Densities" zoning districts and five "Conservation Areas" zoning districts (High Elevations, Steep Slopes, Shallow & Wet Soils, Wetlands, and Shorelands) as so-called "base" zoning districts. §§ 2.1, 2.3.

The official zoning districts map shows Appellant-Applicants' property as being located both in the Rural Densities Two Acre (RD 2) zoning district, and in the Shorelands Conservation Area zoning district.  Appellant-Applicants argue that a property cannot be located in two so-called "base" zoning districts.

In the Rural Densities Two Acre zoning district, under the 2005 Zoning Ordinance the required front setback is 100 feet, measured from the centerline of a state highway (such as Route 100), and the required side and rear setbacks are 20 feet as measured from the property line.  §2.7.

In the Shorelands zoning district, certain listed permitted uses and conditional uses are allowed.  §2.8.  For both permitted and conditional uses, the 2005 Zoning Ordinance provides that such uses "must conform to <u>and be located in their respective Zoning</u>

_____

[1] Appellant-Applicants filed their application on June 13, 2006, under the 2005 Zoning Ordinance.  Appellant-Applicants have not chosen to file a new application under a more recent zoning ordinance adopted in early 2007 and this decision does not address whether any new building or addition may be allowable under the 2007 ordinance.  Any such application would have to be made in the first instance to the Zoning Administrator or to the DRB, as appropriate.

Districts within the Shorelands District as indicated on the official Zoning Map."  Id. (Emphasis added.)  The applicable shoreline setback in the Shorelands District is "75 feet from the shoreline except for boathouses, piers, docks, and floats."  Id.

When interpreting a zoning ordinance, this Court uses "familiar rules of construction," first construing words "according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance."  In re Stowe Club Highlands, 164 Vt. 272, 279 (1995) (citing In re Vt. Nat'l Bank, 157 Vt. 306, 312 (1991)).  Only if there is "no plain meaning" does the court "attempt to discern the intent from other sources . . . ." Id. at 280 (internal quotations and citation omitted).

In light of the language in §2.8 that each use allowed in the Shorelands Conservation Area zoning district must "conform to and be located in [its] respective Zoning District[] within the Shorelands District," the plain meaning of the 2005 Zoning Ordinance is that each property located in the Shorelands zoning district must also be located in another base zoning district and must conform to that district's dimensional requirements as well as to the special Shorelands zoning district requirements, even though it is not labeled as an "overlay district" in the 2005 Zoning Ordinance. Moreover, the official Zoning Map depicts the Shorelands zoning district as an overlay over other base zoning districts: the Shorelands zoning district is denoted by blue and white striping, which can be seen  along the western side of Echo Lake, for example, as an overlay over the solid colors denoting several base zoning districts, such as the Rural Densities Ten Acre (dark orange), or the Steep Slopes Conservation Area (dark gray) zoning districts, as well as over the Rural Densities Two Acre (light yellow) district in which Appellants' property is located.

If this Court were not to give full effect to all portions of the language of §2.8, that uses in the Shorelands zoning district must "conform to and be located in their respective Zoning Districts within the Shorelands District," the language emphasized above would be rendered surplusage, contrary to principles of statutory construction. In re Dunnett, 172

Vt. 196, 199 (2001) ("[w]e will not construe [a statute] in a way that renders language pure surplusage"); In re: Hartland Group, 237 North Ave. Project (Appeal of Bjerke, et al.), Docket No. 120-6-05 Vtec, slip op. at 13 (Vt. Envtl. Ct., Dec. 14, 2006).

Appellant-Applicants' property therefore lies within both the Shorelands Conservation Area zoning district and the Residential Densities Two Acre zoning district. The requirements of the Shorelands zoning district apply to Appellant-Applicants' proposal. Summary judgment is therefore GRANTED in favor of the Town on Questions 1, 2 and 3 of the Statement of Questions.

Lateral Additions - Questions 4 and 5 of the Statement of Questions

Section 4.10.1 of the 2005 Zoning Ordinance allows a non-complying structure to be extended within the boundary lines of an existing parcel upon issuance of a zoning permit by the Zoning Administrator:

> provided that the extension shall not cause the use or structure to become in violation of any . . . required setback . . . or other requirements of this Ordinance applicable to such parcel or lot, and provided further that such extension shall not cause an increase in an existing violation of any such requirement.

That section also provides that:

> Where a structure has less than the required front setback, additions that are lateral to the existing structure may be permitted so long as they are no closer to the road than the original structure, and provided that pre-existing non-conforming side and rear setback requirements are not reduced.

Appellant-Applicants' existing residence is a non-complying structure with respect to the front setback requirement of the Rural Densities Two Acre zoning district under the 2005 Zoning Ordinance.[2] Appellant-Applicants' existing residence is also a non-complying

---

[2] Under the 2007 Zoning Ordinance it is no longer a non-complying structure with respect to the front setback requirement, which was reduced to sixty feet.

4

structure with respect to the 75-foot shoreline setback requirement of the Shorelands Conservation Area zoning district, as the entire existing structure is located within that setback. The closest corner of the structure (not including the existing deck) is twenty-three feet from the lake.

Although Appellant-Applicants' proposed addition, on the northerly side of the existing structure, would be a lateral extension with respect to the front setback, it does not qualify for approval under §4.10.1 because it would constitute an increase in the existing violation of the shoreline setback requirement, by occupying a greater area of the setback. In re: Rouleau property appeals, Docket Nos. 231-12-04 Vtec, 28-2-05 Vtec, 29-2-05 Vtec, 192-9-05 Vtec, and 193-9-05 Vtec (Vt. Envtl. Ct., Nov.17, 2006) (relocation of building within shoreline setback not approved, as it would occupy a formerly clear area within shoreline setback); and see In re Appeal of Tucker, Docket No. 123-7-98 Vtec (Vt. Envtl. Ct., Aug. 2, 1999); aff'd Docket No. 1999-399 (Vt., Mar. 10, 2000) (unreported mem.) (three-justice panel) (permit to build one-story building extending into side setbacks does not authorize expansion to two stories within the setbacks, even though the expansion would not have violated the height limitations or extended laterally any farther into the setbacks). Indeed, in the present case the entire proposed addition would be within the required seventy-five foot shoreline setback, approximately doubling the area of setback occupied by building. Summary judgment is therefore GRANTED in favor of the Town on Questions 4 and 5 of the Statement of Questions.


Variance Application

Appellant-Applicants also applied, in the alternative, for a variance from the shoreline setback requirements for the proposed addition. In order to qualify for a variance, Appellant-Applicants' property must meet all five subsections of §4.16 of the 2005 Zoning Ordinance, and see 24 V.S.A. § 4469; In re Mutschler, Canning and Wilkins,

5

2006 VT 43, ¶5. If a property fails any one of the provisions, it does not qualify for a variance.

The five subsections in the ordinance track the statute and require:

(4.16.1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the Zoning Ordinance in the neighborhood or district in which the property is located;

(4.16.2) That as a result of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of this Zoning Ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

(4.16.3) That the unnecessary hardship has not been created by the appellant;

(4.16.4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare;

(4.16.5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible from this Zoning Ordinance and from the Town Plan.

In the present case, because the property is bounded on three sides by Echo Lake , it is possible that it could meet the first criterion: that it have unique physical conditions. Under the 2005 Ordinance, as a result of the overlap of the one-hundred-foot front setback requirement and the seventy-five-foot shoreline setback requirement, the result of the physical circumstance of the property is that it could not be developed in strict conformity with the 2005 Zoning Ordinance.[3]

---

[3] Applying the sixty-foot front setback requirement of the 2007 ordinance, there appears to be a portion of the property that complies with both the shoreline setback and the front setback. We do not reach the issue here of whether a variance application under

However, a reasonable use has been and continues to be made of the property because it is developed with an existing single-family residence that is allowed to be maintained under the Zoning Ordinance. The requested variance to allow the construction of an addition within the shoreline setback is therefore is not necessary to enable the reasonable use of this property. See, e.g., In re Dunnett, 172 Vt. 196, 200 (2001) (citing Gadhue v. Marcotte, 141 Vt. 238, 240-41 (1982) (holding that, where property was already developed and in use as residence and retail establishment, applicant was not deprived of the reasonable use of the property)). Because Appellant-Applicants' application does not meet the second requirement for a variance pursuant to 24 V.S.A. § 4469 and does not meet § 4.16.2 of the Zoning Ordinance, it does not qualify for a variance. Summary judgment is therefore GRANTED in favor of the Town on Questions 6, 7, 8 and 9 of the Statement of Questions.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicants' Motion for Summary Judgment is DENIED and Summary Judgment is GRANTED in favor of the Town that the Shorelands Conservation Areas zoning district shoreline setback applies to this property; that the proposed addition does not qualify for a waiver of the front setback for a lateral extension under §4.10.1; and that the proposed addition does not meet the requirements for a variance of the shoreline setback in that a variance is not necessary to enable Appellant landowners to make reasonable use of the property.

Although the possibility of mediation had been deferred in this matter until after the resolution of the summary judgment motions, it appears that this decision has resolved all

a prior ordinance could ever satisfy §4.16.5 if a subsequent ordinance change makes compliance with the ordinance possible.

the issues in this appeal, so that a judgment order should issue concluding the appeal. Therefore, the Court will issue a judgment order, effective at 4:00 p.m. on Wednesday, October 3, 2007, unless either party requests a telephone conference before then, in which case the conference will be held on October 11, 2007, at a time to be scheduled.

Done at Berlin, Vermont, this 25th day of September, 2007.

_____
Merideth Wright
Environmental Judge